NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL D. VANCOTT,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-2331

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-7375, Judge Joseph L. Toth.

---

Decided:  July 24, 2026

---

KENNETH DOJAQUEZ, Carpenter Chartered, Topeka, KS, argued for claimant-appellant.  Also represented by JOHN D. NILES.

MOLLIE LENORE GROPP, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by MARTIN F. HOCKEY, JR., BORISLAV KUSHNIR, PATRICIA M. MCCARTHY, BRETT SHUMATE; RICHARD

STEPHEN HUBER, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before DYK, REYNA, and STARK, *Circuit Judges.*

STARK, *Circuit Judge.*

Michael Vancott appeals a judgment of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") finding no clear and unmistakable error ("CUE") in a 2012 United States Department of Veterans Affairs ("VA") rating decision, which assigned Mr. Vancott a 10% service-connection disability rating for his left knee. We affirm.

I

Mr. Vancott served in the U.S. Air Force from 1998 to 2012. In 2000, he tore the medial meniscus of his left knee, which was surgically repaired in 2003. In May 2011, while still on active duty, Mr. Vancott filed a disability compensation claim for a "[l]eft knee condition." On June 10, 2011, a VA physician conducted an examination and observed that Mr. Vancott had "intermittent pain and swelling," "painful motion," and knee flexion limited to "130 degrees with pain at the end range." Appx18-20. The physician's diagnosis was "[l]eft knee medial meniscus tear status post surgical repair." Appx21.

In May 2012, the VA Regional Office ("RO") assigned Mr. Vancott a 10% rating for his left knee condition, applying hyphenated diagnostic code ("DC") 5260-5020. Finding that "medial meniscus tear post surgical repair" is "not specifically listed in the rating schedule," the RO rated by analogy to other conditions. Appx28; *see also* 38 C.F.R.

§ 4.27 ("When an unlisted disease, injury, or residual condition is encountered, [it] requir[es] rating by analogy.").[1] Specifically, the VA rated Mr. Vancott's left knee disability by applying DC 5003, which provides, in pertinent part:

[1] When . . . the limitation of motion of the specific joint or joints involved is noncompensable under the appropriate diagnostic codes, a rating of 10 pct is for application for each such major joint or group of minor joints affected by limitation of motion . . . . [2] Limitation of motion must be objectively confirmed by findings such as swelling, muscle spasm, or satisfactory evidence of painful motion.

38 C.F.R. § 4.71a (bracketed numbering added).

In assigning a 10% rating for Mr. Vancott's left knee disability, the RO relied on the results of the VA physi-

---

[1] As the Veterans Court explained:

Hyphenated DCs are used when an unlisted condition requires rating by analogy and when a rating under one DC requires reference to another DC to fully explain the rating. Here, VA rated Mr. Vancott's condition under DC 5020 as "[s]ynovistis," which is "inflammation of the synoval membrane" that surrounds a joint (in this case, the knee joint) and that "is usually painful [] on motion" and "characterized by fluctuating swelling." . . . Because synovitis was rated "on limitation of motion of affected parts, as arthritis, degenerative," VA turned to the DC for limitation of flexion in the leg, DC 5260 (making up the other part of his hyphenated DC) and the DC for degenerative arthritis, DC 5003.

Appx3 (internal citations omitted).

cian's June 2011 examination, concluding "[t]here was objective evidence of pain on motion, but no additional functional loss after repeated movement. Due to decreased and painful motion, a 10 percent evaluation is assigned." Appx28. In other words, Mr. Vancott's left knee limitation of motion was appropriately rated at 10% under DC 5003 "based on the objective results demonstrated" on examination: the "intermittent pain that is associated with swelling." *Id.* Mr. Vancott did not appeal the RO's decision, so it became final.

In May 2020, Mr. Vancott filed a motion to revise the 2012 rating decision based on his contention that the RO had committed CUE. Mr. Vancott argued that the RO clearly and unmistakably erred when it failed to assign him, in addition to the 10% rating under DC 5003, an additional 10% rating under DC 5259 for "symptomatic residuals" of orthopedic surgery. Appx34. After the RO denied the CUE claim, Mr. Vancott appealed to the Board of Veterans Appeals ("Board").

The Board affirmed the RO. It explained that while "separate ratings for the knee are permitted," this is only "if the separate ratings are based on manifestations of the [claimant's] disability that are separate and distinct from manifestations for which the [claimant] has already been rated." Appx47. The Board determined that Mr. Vancott qualified for his DC 5003 rating based on "objective findings [of] swelling, painful motion, and decreased motion," so an award under DC 5929 based on those same manifestations would "constitute improper pyramiding" in violation of 38 C.F.R. § 4.14. Appx48. Thus, there was no CUE.

Mr. Vancott appealed to the Veterans Court, which affirmed the Board. Echoing the Board, the Veterans Court observed that "separate ratings were available [to Mr. Vancott] in 2012 [but only] so long as those ratings did not violate the rule against pyramiding." Appx6 (citing 38 C.F.R. § 4.14). It reasoned that "DC 5003 is clear – to earn a 10%

rating, a veteran must show objective findings of swelling, spasms, or other satisfactory evidence of painful motion," and, here, "the RO assigned [Mr. Vancott] a rating because his limitation of motion . . . was objectively confirmed by his pain and swelling." Appx6-7. "[B]ecause symptoms like pain and swelling cannot be compensated twice, . . . pain and swelling could not be rated a second time under DC 5259." Appx7.

Mr. Vancott timely appealed the judgment of the Veterans Court. We have jurisdiction under 38 U.S.C. § 7292(c).

## II

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *See Goodman v. Shulkin*, 870 F.3d 1383, 1385 (Fed. Cir. 2017). Pursuant to 38 U.S.C. § 7292(d)(2), we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." "We may set aside the Veterans Court's interpretation of a regulation only if it is unconstitutional, violative of statute, procedurally defective, or otherwise arbitrary." *Blubaugh v. McDonald*, 773 F.3d 1310, 1312 (Fed. Cir. 2014) (citing 38 U.S.C. § 7292(d)(1)).

Where, as here, a veteran claims that there has been a clear and unmistakable error, he must identify an error (1) "based on the record and the law that existed at the time of the prior adjudication in question," (2) that is "undebatable," and (3) "would have manifestly changed the outcome at the time it was made." *George v. McDonough*, 991 F.3d 1227, 1233 (Fed. Cir. 2021) (internal quotation marks and emphasis omitted), *aff'd*, 596 U.S. 740 (2022). The claimant bears the burden of proving each of these CUE elements. *See Pierce v. Principi*, 240 F.3d 1348, 1355 (Fed. Cir. 2001).

III

Mr. Vancott asserts that the VA committed clear and unmistakable error when it failed to assign him an additional 10% disability rating for symptomatic residuals of his orthopedic surgery, pursuant to DC 5259. In Mr. Vancott's view, such an additional rating would not violate the rule against "pyramiding" because DC 5003 – under which the limited range of motion in his left knee was already compensated at a 10% rating – does not "require[] more than actual limited flexion to provide for a rating." Reply Br. at 1; *see also* Open. Br. at 28 ("[I]f there is actually limited motion then we don't need other objective findings to confirm the obvious."). We have jurisdiction to review this question of law. *See Szemraj v. Principi*, 357 F.3d 1370, 1375 (Fed. Cir. 2004) ("We do have jurisdiction to determine whether the legal requirement of the statute or regulation has been correctly interpreted in a particular context where the relevant facts are not in dispute."). Exercising that jurisdiction, we conclude that Mr. Vancott has not shown an "undebatable" error in the 2012 rating decision. Thus, we affirm the Veterans Court's decision finding no CUE.

The regulation at issue here, 38 C.F.R. § 4.71a DC 5003, reproduced above, consists of two pertinent sentences: the first makes "limitation of motion" compensable, while the second requires "objective evidence" demonstrating that limited range of motion. The Veterans Court determined that "DC 5003 does not serve as a basis to award *any* limitation of motion," but, rather, only limitation of motion that is confirmed objectively. Appx6.

As with statutes, regulations are "to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (internal quotation marks omitted); *see also Sullivan v. McDonald*, 815 F.3d 786, 790 (Fed. Cir. 2016) (applying this canon to regulations). Mr.

Vancott's interpretation of DC 5003 appears to run afoul of this canon against surplusage. By allowing limited range of motion to serve as the objective confirmation of limited range of motion, it is not clear that the second sentence of DC 5003 is anything but superfluous.

But we need not decide whether Mr. Vancott could have been rated under DC 5003 without regard to pain and swelling. Having in fact been rated under DC 5003 based on pain and swelling, Appx28, he cannot receive another rating for the same symptoms under DC 5259. The VA was correct in rating Mr. Vancott's left knee disability at 10% under DC 5003 and not awarding him any further rating under DC 5259. The examining physician, and therefore the RO, Board, and Veterans Court, relied on Mr. Vancott's reported pain and swelling as the objective evidence confirming his limited range of motion. Providing him any further compensation based on that same left knee pain or swelling would constitute improper pyramiding. *See* 38 C.F.R. § 4.14 ("The evaluation of the same disability under various diagnoses is to be avoided. . . . Both the use of manifestations not resulting from service-connected disease or injury in establishing the service-connected evaluation, and the evaluation of the same manifestation under different diagnoses are to be avoided."); *see also Amberman v. Shinseki*, 570 F.3d 1377, 1381 (Fed. Cir. 2009) ("[T]wo defined diagnoses constitute the same disability for purposes of section 4.14 if they have overlapping symptomology."). Thus, we agree with the Veterans Court that "the Board was not arbitrary or capricious in concluding that it was not undebatable that separate ratings were available in 2012" for Mr. Vancott's limited range of motion and his pain and swelling. Appx6.

Mr. Vancott's arguments for a contrary conclusion are unavailing. He asks us to apply the pro-veteran canon, and defer to his interpretation of DC 5003's "ambiguous" requirement for objective evidence in addition to the limitation of motion. *See, e.g.*, Open. Br. at 10-13. But we need

not decide this interpretative issue because, as already noted, the examining physician did in fact rely on pain and swelling in diagnosing Mr. Vancott, making that pain and swelling part of the basis for the RO's rating under DC 5003. Appx28. Thus, Mr. Vancott cannot receive another rating for the same symptoms under DC 5259 without running afoul of the rule against pyramiding.

Nor do 38 C.F.R. § 4.25(b) or 38 U.S.C. § 1110 – which Mr. Vancott asserts permit compensation for multiple disabilities have any application, as Mr. Vancott was diagnosed with just a single disability (left knee medial meniscus tear post surgical repair). Mr. Vancott also notes in passing that the VA has a duty to maximize benefits, Open Br. at 4, but he makes no cognizable argument that he failed to receive the maximum benefits for that single disability.

IV

We have considered Mr. Vancott's additional arguments and find them unpersuasive. Accordingly, for the reasons given above, the judgment of the Veterans Court is affirmed.

**AFFIRMED**

COSTS

No costs.